NOS. 12-20-00098-CR
12-20-00099-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT RAY STOUT,*<br>*APPELLANT* | § | *APPEALS FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Robert Ray Stout appeals his convictions for aggravated kidnapping and burglary of a habitation while attempting to commit a felony other than felony theft. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by separate indictments for the offenses of aggravated kidnapping and burglary of a habitation while attempting to commit a felony other than felony theft.[1] Appellant pleaded "not guilty" to the offenses. The trial court consolidated the cases, and they were contemporaneously tried to a jury.

The evidence showed at trial that Appellant entered the attic space between his apartment and the adjoining apartment where the victim resided. At the time, Appellant's minor son, along with the victim's brother, were in the apartment playing video games. The victim was asleep. The ceiling partially collapsed, and Appellant's arm came through the ceiling while he held a

---

[1] *See* TEX. PENAL CODE ANN. §§ 20.04 (West 2019) (aggravated kidnapping); 30.02(d) (West 2019) (burglary of a habitation while attempting to commit a felony other than felony theft).

knife. Appellant thereafter fell through the ceiling. Appellant told his son to bring the victim to their apartment and told the victim's brother to leave. Appellant's son complied.

The victim's brother contacted his mother, who was working at the time. Shortly thereafter, she returned and asked him where the victim was located. She went to Appellant's apartment, who initially denied having her. Other neighbors called the police, and when Appellant and his girlfriend heard the sirens, they produced the victim from Appellant's apartment. The victim was shirtless at the time, even though the weather was cold.

During the investigation, the police located a wound-up rag, a towel, a knife, and a jar of Vaseline on a table and a mattress in the bedroom. The victim's shirt was on the mattress near the other items, and it contained what appeared to be Vaseline near the bottom hem of the shirt. Other than telling her mother that Appellant removed her shirt, the victim refused to allow anyone to examine her, did not speak of the incident, and decided not to testify at trial.

On two video interviews that were admitted at trial, the police questioned Appellant who admitted the elements of the offenses. Among other things, he stated in the interviews that he heard voices telling him to go up in the attic. Appellant stated that he hallucinated, hearing voices from men who wanted to kill his family. He further explained that the voices told him to gag the victim and to kill her. During the incident, he decided that he could not complete this plan. He also admitted that he had sex with his girlfriend just prior to the incident, and that the victim observed Appellant in a nude state while pornography played on the television at the time. Appellant stated that he had been awake for three days and that he consumed methamphetamine.

The jury found Appellant guilty of the offenses. After a punishment hearing, the jury assessed Appellant's punishment at thirty-five years of imprisonment for both offenses. After initially ordering that the sentences be consecutively served, the trial court issued a judgment nunc pro tunc ordering that Appellant concurrently serve the sentences. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App.

1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[2] We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 22 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 22 S.W.3d at 408 n.22.

Opinion delivered July 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief, and the time for filing such brief has expired.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 30, 2021

NO. 12-20-00098-CR

**ROBERT RAY STOUT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CR19-0031-173)

___

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 30, 2021**

**NO. 12-20-00099-CR**

**ROBERT RAY STOUT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CR19-0032-173)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*